UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BRIDGET MARY ODONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-963 |
| | ) | |
| COMMISSIONER OF | ) | Honorable Phillip J. Green |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER**

This was a social security action brought under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB). On April 18, 2017, the Court entered a judgment vacating the Commissioner's decision and remanding this matter back to the Commissioner under sentence four of 42 U.S.C. § 405(g). (ECF No. 18). On remand, the Social Security Administration awarded plaintiff past-due benefits.

The matter is now before this Court on a motion by Attorney James Rinck for attorney's fees pursuant to 42 U.S.C. § 406(b), payable from the award of past-due benefits. (ECF No. 24). Defendant opposes the motion. (ECF No. 27). For the reasons stated herein, plaintiff's attorney's motion will be denied.

## Standard of Review

The United States Court of Appeals for the Sixth Circuit "review[s] the denial of a motion for attorney's fees under Section 406(b) of the Social Security Act for abuse of discretion." *Hayes v. Commissioner*, 895 F.3d 449, 452 (6th Cir. 2018). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Glenn v. Commissioner*, 763 F.3d 494, 497 (6th Cir. 2014) (citation and quotation omitted).

## Facts

After the Court entered its April 18, 2017, judgment vacating the Commissioner's decision and remanding this matter under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On June 20, 2017, the Court granted plaintiff's motion and awarded plaintiff $4,812.50, as a full and final adjudication of EAJA fees and expenses in this action. Attorney Rinck later received the EAJA attorney's fees from plaintiff in accordance with their contract. (ECF No. 24-3, PageID.823).

On remand, the Social Security Administration awarded plaintiff past due benefits. The date of the Notice of Award is November 19, 2017. (ECF No. 24-1, PageID.814).

On July 27, 2018, Attorney Rinck filed a motion for attorney's fees under 42 U.S.C. § 406(b). (ECF No. 24). Attorney Rinck is seeking and award of $10,220.00

from plaintiff's past due benefits.[1] Attorney Rinck indicates that the Administration did not send him a copy of the Notice of Award and that he was only able to obtain it on July 16, 2018, after making "a number of requests" to Attorney Barry Schroder, the attorney who had represented plaintiff during the administrative proceedings before this lawsuit was filed. (ECF No. 24, PageID.808-09; ECF No. 24-2, PageID.820).[2] The Commissioner opposes this motion. (ECF No. 27).

## Discussion

The Commissioner argues that the motion should be denied because it was filed months after the deadline for filing such a motion under W.D. MICH. LCIVR 54.2(b). The Court agrees.[3]

Rule 54.2(b) of the Local Civil Rules requires that motions for attorney's fees brought under 42 U.S.C. § 406(b) be filed within 35 days after the date shown on the face of the Notice of Award. W.D. MICH. LCIVR 54.2(b). The Notice of Award is dated November 19, 2017.[4] (ECF No. 24-1, PageID.814; ECF No. 27-1, PageID.842).

---

[1] The net additional amount above the EAJA award that Attorney Rinck is seeking is $5,407.50. (ECF No. 24, PageID.809).

[2] Attorney Rinck's motion indicates that he had "contacted opposing counsel, and he ha[d] been informed that Defendant d[id] not intend to object to a finding that by the Court that Plaintiff's request for an award of 406(b) fees in the amount of $5,407.50 [was] reasonable." (ECF No. 24, PageID.810). Mr. Rink has acknowledged that this statement was made in error. (*See* ECF No. 27 at 1 n.1, PageID.828).

[3] It is not necessary to reach defendant's alternate argument that the motion should be denied because plaintiff's attorney failed to comply with the requirements of W.D. MICH. LCIVR 7.1(d).

[4] No party contends that there were multiple or amended Notices of Award.

Accordingly, December 26, 2017, was the deadline for filing a timely motion. Attorney Rinck filed his motion on July 27, 2018, a full seven months late.

Rule 54.2(b)(ii) states that "[a]ny motion filed after this 35-day deadline will be considered only by a specific showing of excusable neglect by plaintiff's attorney." W.D. MICH. LCIVR 54.2(b)(ii). Attorney Rinck has not addressed, much less carried his burden of demonstrating excusable neglect.

"Although ordinarily a litigant must meet the deadlines prescribed by the rules, a court may invoke its equitable authority to toll applicable deadlines in appropriate circumstances." *Hayes v. Commissioner*, 895 F.3d at 452. Attorney Rinck presents no developed argument claiming an entitlement to equitable tolling that would extend the December 26, 2017, filing deadline.

In determining whether an attorney claiming section 406(b) attorney's fees should be entitled to equitable tolling, the Court should consider the following: (1) lack of actual notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights, (4) absence of prejudice to the opposing party, and (5) reasonableness in remaining ignorant of the legal requirement for filing the claim. *Hayes v. Commissioner*, 895 F.3d at 453-54.

The first, second, and fifth factors weigh heavily against equitable tolling. Attorney Rinck had actual and constructive knowledge of the deadline established by W.D. MICH. LCIVR 54.2(b), and he was not ignorant of the legal requirement for filing a timely motion. Rule 54.2 has been in effect since December 2, 2013. *See* In re

Amendment of Local Civil Rule 54.2 Governing Applications for Attorney's Fees in Certain Social Security Cases, W.D. Mich. Admin. Order 13-098 (Nov. 8, 2013). All attorneys registered for electronic service on the CM/ECF system were provided notice of the adoption of Rule 54.2 and the Court has posted it on the Court's website since 2013. *Id.* Attorney Rinck has represented clients in social security cases for more than thirty years and represented "hundreds of plaintiffs before the United States District Court for the Western District of Michigan." (ECF No. 20, PageID.754). Attorney Rinck is aware of the importance of adhering to the deadline established by Rule 54.2. *See Kuran v. Commissioner*, 1:13-cv-523, 2016 WL 1579959, at *2 (W.D. Mich. Apr. 1, 2016) (finding excusable neglect for Attorney Rinck's filing of a section 406(b) motion two days after the deadline), *adopted by*, 2016 WL 1572706 (W.D. Mich. Apr. 19, 2016).

The most significant factor weighing against equitable tolling is the lack of evidence that Attorney Rinck diligently pursued his claim. A single sentence stating that the Social Security Administration never sent him a copy of the Notice of Award and that he was only able to obtain one through Attorney Schroder after a number of requests does not suffice. There is no evidence that Attorney Rinck informed the Social Security Administration that he represented the plaintiff in this lawsuit and that he should receive a copy of any Notice of Award. There is no evidence that Attorney Rinck asked the Social Security Administration or his client for a copy of the Notice of Award. Attorney Rinck's attempt to attribute his delay in filing his

section 406(b) motion to Attorney Schroder is vague and unpersuasive. The record contains no specifics regarding when Attorney Rinck made any of his "number of requests" to Attorney Schroder. The Court cannot find that Attorney Rinck acted diligently when the record provides no indication when he first attempted to obtain a copy of the Notice of Award.

The Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Thus, applying equitable tolling can only result in limited prejudice to the Commissioner. As a trustee for the claimant, the Commissioner has an interest in preventing prejudice to the claimant through excessively generous application of equitable principles to rescue an attorney's untimely filing of a section 406(b) motion. The Court also has an administrative interest in avoiding late-filed motions in closed cases. In addition, the Court must be "mindful of the millions of applications for Social Security benefits that are filed each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook v. Commissioner*, 480 F.3d 432, 437 (6th Cir. 2007).

None of the factors listed by the Sixth Circuit in *Hayes v. Commissioner* weighs in favor of equitable tolling. Accordingly, the Court finds that equitable tolling does not apply in this case.

## **Conclusion**

Plaintiff's attorney's motion is untimely, and he has not demonstrated excusable neglect or grounds for equitable tolling. Accordingly,

**IT IS ORDERED** that plaintiff's attorney's motion for attorney's fees (ECF No. 24) is **DENIED**.

Dated: December 5, 2018 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge